UNITED STATES of America, Appellee,

v.

Deon DONALDSON, aka "Patrick Thomas", aka "Limage Richardson", aka "Richardson Limage", aka "Dean Stone", aka "Dean Donaldson", Defendant–Appellant.

No. 00–1375.

United States Court of Appeals, Second Circuit.

Nov. 1, 2001.

Michael G. Paul, New York, NY, for appellant.

Greg D. Andres, Assistant United States Attorney, Alan Vinegrad, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief, Brooklyn, NY, for appellee.

Present JOHN M. WALKER, JR., Chief Judge, JON O. NEWMAN, KEARSE, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is MODIFIED in part to strike the language "and adjusted for" and as MODIFIED is AFFIRMED.

Defendant-appellant Deon Donaldson appeals from the May 12, 2000 judgment convicting him, upon his plea of guilty, of illegally re-entering the United States after having been paroled and deported for a prior New York state conviction, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Donaldson was sentenced principally to 57 months' imprisonment, "to run concurrently with and adjusted for the state sentence he is currently serving" for the violation of parole.

This case stems from Donaldson's illegal re-entry into the United States and subsequent arrest in 1998 for New York state drug and weapons charges. Found to have violated his parole for a prior state conviction by illegally re-entering the country, Donaldson was remanded to state custody. Shortly thereafter, the instant federal proceeding was commenced, resulting in Donaldson's conviction and sentence for illegal re-entry. When the Bureau of Prisons did not adjust, or "credit," Donaldson's federal sentence for the time he had served in state custody prior to the imposition of the sentence in this case, Donaldson brought this appeal.

On appeal, Donaldson claims (1) that the Bureau of Prisons's failure to award him credit violated his constitutional rights by breaching an agreement, "albeit moral and informal," between Donaldson and the district court whereby Donaldson would admit his guilt and save the government the expense of prosecuting him in exchange

for leniency; and (2) that the district court was authorized to grant such a credit as a downward departure under U.S.S.G. § 5K2.0.

■ We agree with the government that the Sentencing Guidelines do not authorize the district court to credit Donaldson's sentence for time already served. The district court imposed a concurrent sentence and a credit under the mistaken belief that subsection (b) of § 5G1.3 and Application Note 2 to subsection (b) were applicable. Subsection (b) applies when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense," U.S.S.G. § 5G1.3(b), and it requires a concurrent sentence to prevent double punishment, *United States v. Fermin*, 252 F.3d 102, 109 (2d Cir.2001). Application Note 2 to subsection (b) urges that "the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range" when the district court determines that such a credit will not be awarded by the Bureau of Prisons. U.S.S.G. § 5G1.3(b), cmt. n. 2. The district court applied these provisions because it thought that Donaldson's illegal re-entry was the basis for both his federal sentence and, insofar as it was the ground for his parole violation, his state sentence as well.

In fact, subsection (b) and Application Note 2 were not applicable to this case because "when a criminal defendant is imprisoned as a result of his violation of the terms of his parole, the 'offense' that 'results' in his imprisonment is, for the purposes of § 5G1.3(b), the underlying prior offense of conviction, not the conduct violative of his parole conditions." *Fermin*, 252 F.3d at 108 (quoting *United States v. Garcia–Hernandez*, 237 F.3d 105, 110 (2d Cir.

2000)) (internal quotation marks omitted). Thus Donaldson was in state custody for his prior 1992 New York state drug conviction and not, as the district court thought, his illegal re-entry. Moreover, Donaldson has not indicated any way in which his prior state conviction was fully taken into account in the calculation of his federal sentence.

In such cases, we have found that subsection (c) is applicable and that it "does not permit courts to reduce a defendant's sentence below the guidelines range for time already served on a different sentence, and does not import the 'credit' approach of Application Note 2 to subsection (b)." *Fermin*, 252 F.3d at 110 (footnote omitted). Section 5G1.3 therefore did not authorize the district court to credit Donaldson's sentence through an adjusted concurrent sentence.

■ Though a downward departure to account for time already served is warranted in some circumstances under § 5K2.0, *id.*, this is not a case where "the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission.'" U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). As is evident from *Fermin*, the Sentencing Commission has considered in § 5G1.3 whether sentences should run concurrently and be adjusted with credit in cases like this one. Nor has Donaldson indicated that any other aspects of his case are "unusual enough . . . to fall outside the heartland of cases in the Guideline." *Fermin*, 252 F.3d at 111 n. 16 (quoting *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)) (internal quotation marks omitted).

Because the district court was without authority to credit Donaldson's sentence, the judgment of the district court is MODIFIED in part to strike the language "and

adjusted for" and as MODIFIED is AF-FIRMED.